ALBERT L. STEIDL V. STATE OF NEBRASKA, EX REL. SCHOOL
DISTRICT OF THE CITY OF CRETE.

FILED JANUARY 22, 1902.   No. 12,279.

Commissioner's opinion, Department No. 2.

1. **Stare Decisis.** *State v. Aitken*, 61 Nebr., 490, followed in a case of
   the same nature.

2. **Mandamus:** AFFIDAVIT. The affidavit in support of a motion for
   a writ of mandamus, must be sworn to positively and not
   merely upon information and belief.

3. ——: ——: AMENDMENT. Verification upon information and
   belief in such a case, is an informality which may be cured by
   an amendment under section 653, Code Civil Procedure.

4. **Application:** AFFIDAVIT OF ANOTHER. Where an application for a
   writ of mandamus by a public corporation is defectively verified
   by one of the officers of the corporation, an affidavit of another
   officer thereof, testifying positively to the essential facts
   alleged, may be treated as an amendment, within the meaning
   of said section.

ERROR from the district court for Saline county. Tried
below before STUBBS, J. *Affirmed.*

*George H. Hastings,* for plaintiff in error.

*Fayette I. Foss, B. V. Kohout* and *R. D. Brown, contra.*

Argued orally by *Hastings,* for plaintiff in error; by
*Foss, contra.*

POUND, C.

This is an application for a writ of mandamus to compel
respondent, as treasurer of the city of Crete, to turn into
the school funds certain moneys, alleged to have been col-
lected upon saloon licenses. The lower court granted the
writ, and respondent comes here on error. The case, as far
as its merits are concerned, differs from *State v. Aitken,*
61 Nebr., 490, only in that it is much more clear. In the
*Aitken Case* there were somewhat skilfully drawn pro-
visions in the ordinance levying the alleged occupation tax,

intended to cover up and conceal the design to evade the requirements of the constitution as to disposition of license moneys. No one could well doubt in either case that the purpose of levying the pretended occupation tax was to divert a portion of the moneys rightfully belonging to the school district to other purposes. In the case at bar, not only do the history of the ordinances and the course of practice under them, as shown in evidence, indicate as much, but the ordinance itself, under which the alleged occupation tax is collected, is as clearly a licensing ordinance as express language and express provisions can make it. In the *Aitken Case* there may have been some doubt upon the face of the ordinance. In this case we see no room for any. Section 1 of the ordinance in question provides that "each and every person, firm, association or corporation carrying on the occupation or business herein mentioned, within the limits of the city of Crete, shall pay into the city treasury annually, the sums named as hereinafter provided as a special license tax." Section 2 provides that "the money paid into the city treasury under the provisions of this ordinance, shall constitute and be known as the special license tax fund." Section 4 provides that "under the provisions of this ordinance and the powers vested in cities of the second class, there is hereby levied on * * * saloons retailing liquors as a beverage, in addition to such sums as are now or hereafter shall be required under the laws of Nebraska, per annum $500. Amended, and each saloon retailing as above can not take out a license for a less term than one year." Section 5 provides that "all licenses provided for under this ordinance shall be issued and signed by the clerk and mayor. They shall specify the amount of money paid, the kind of business licensed, the name of the person to whom issued, and the length of time for which the same was signed. The city clerk shall attest all licenses with the corporate seal, and shall deliver the same to the person applying therefor only on the production of a receipt signed by the city treasurer for the sum of money required by the ordi-

Steidl v. State.

nance. The person or persons to whom license is issued
shall produce same for inspection, on demand of any resi-
dent of the city. No license shall be transferable in any
manner whatever." * * * Section 6 provides that "all
licenses issued under the provisions of this ordinance shall
commence and end with the fiscal year." Section 8 pro-
vides that "all persons who are required to take out a
license other than per day or week, under the provision of
this ordinance, shall apply to the city clerk for the same,
on or before the first Tuesday in May, of each year, or as
soon thereafter as they engage in business." Section 9
provides that "any person violating any of the provisions
of this ordinance, or transacting any of the kinds of busi-
ness herein taxed without having first obtained license
therefor, as herein provided, shall be guilty of a misde-
meanor, and, on conviction thereof, shall pay a fine of not
less than five (5) dollars, and not more than one hundred
($100) dollars or may be imprisoned not more than ten
days; and, moreover, be liable to a civil action for the
amount of each license taxed." A case more squarely
within the rules laid down in *State v. Aitken, supra,* and
*Magneau v. City of Fremont,* 30 Nebr., 843, could scarcely
be conceived. But those cases apart, and the circumstances
disregarded which show, as they did in the *Aitken Case,*
that the pretended occupation tax and the admitted license
fee are merely parts of one payment required as condition
of a license, every feature of the ordinance stamps it as a
licensing, as distinguished from an ordinary taxing, meas-
ure. *Pleuler v. State,* 11 Nebr., 547.

Some questions of practice are raised which require brief
notice. The application for the writ was in the form of a
petition, verified by one of the officers of the relator on in-
formation and belief. Afterwards a motion was filed as
required by the statute. Treating the verified petition as
an affidavit, it was obviously defective because not sworn
to positively. *State v. County Commissioners,* 49 Nebr., 51.
But we think it no less clear that the defect was an in-
formality which might be cured by amendment, under sec-

tion 653, Code of Civil Procedure. Another officer of the corporation, prior to the hearing, made an affidavit in which he testified positively to the essential facts alleged in the application. We see no reason why this was not equivalent to amendment, and a sufficient amendment, under the section cited. Hence we think the court properly refused to strike the latter affidavit from the files, and that the several objections to the original verification do not require our attention. The only other points made relate to the demand prior to application for the writ, which we think was sufficiently alleged and proved.

It is recommended that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.