(50 P.3d 506)
No. 87,737

In the Matter of the Marriage of D. KEITH JENNINGS, *Appellee*, and CYNTHIA L. JENNINGS, *Appellant*.

Opinion filed July 19, 2002.

*Robert E. Keeshan,* of Peterson & Keeshan, of Topeka, for appellant.

*Ronald W. Nelson, Mary Ellen Rose,* and *Joseph W. Booth,* of Rose, Nelson & Booth, of Overland Park, for appellee.

Before GREEN, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: Cynthia L. Jennings appeals the trial court's denial of her motion to modify custody and child support. We reverse and remand for an evidentiary hearing on the issues of custody and child support.

D. Keith Jennings and Cynthia were married in June 1982. G. was born in December 1987 and is their only child. Keith filed for divorce in June 1997. The trial court ordered that G.'s temporary primary residential placement was to be with Cynthia.

The divorce decree, entered in January 1998, incorporated an agreement of the parties which gave them joint custody of G. Cynthia's home was designated as G.'s primary residence. Keith was granted visitation on alternating weekends and during the summer. This arrangement continued until June 1999, when Keith filed a motion for primary residential custody of G. and alleged that Cynthia was subjecting G. to "ongoing emotional abuse" by involving G. in her anger with Keith.

In July 2000, the parties stipulated to a parenting plan which was accepted by the trial court. This order granted Keith primary residential custody of G. during the school year. Cynthia was granted visitation during holidays and the summer.

In June 2001, Cynthia filed a motion to modify child custody and support. Cynthia alleged that the prior custody orders were entered by agreement and that proof of a change in circumstances was not required. She stated that G. wished to reside primarily with her. Cynthia also claimed that Keith had failed to fully cooperate with the parenting plan. Cynthia also filed a motion for appointment of a special master or guardian ad litem.

The trial court held that in order to modify the custody order, it must find there had been a material change in circumstances since the last mediated agreement. The trial court noted that while it was not disregarding G.'s wishes, a child's preference did not establish a prima facie case for considering a change of his or her residential placement and Cynthia had failed to proffer sufficient evidence to establish a prima facie case for modifying the existing custody arrangement. The trial court denied Cynthia's motions. Cynthia timely appeals.

Cynthia alleges that the issue of G.'s custody had never been tried to the trial court; therefore, she did not need to prove a material change in circumstances for the trial court to modify the custody. Cynthia cites *Hill v. Hill*, 228 Kan. 680, 620 P.2d 1114 (1980), to support her position.

When reviewing a trial court's child custody determination, an appellate court utilizes an abuse of discretion standard. *In re Marriage of Whipp*, 265 Kan. 500, 502, 962 P.2d 1058 (1998).

The previous orders regarding G.'s custody were granted in what is equivalent to a default proceeding because the trial court never held a hearing on the issue. Where a custody order is entered in a default proceeding, and the facts are not substantially developed and presented to the trial court, the court may later admit and consider evidence as to facts existing at the time of the earlier order. Then, after the full presentation of the facts to the trial court, the court may enter any order which could have been made at the initial hearing even though no change in circumstances has occurred. 228 Kan. at 685. The *Hill* holding was later extended to apply to cases where a custody order is entered upon a written stipulation. See *Anhalt v. Fesler*, 6 Kan. App. 2d 921, 924, 636 P.2d 224 (1981).

If there is an agreement between the parties on a custodial arrangement, a presumption arises that such agreement is in the best interests of the child. See K.S.A. 2001 Supp. 60-1610(a)(3)(A). However, any agreement regarding the custody of minor children is always subject to the overarching power of the court to determine the best interests of the child. Nelson, Child Custody in 1

Practitioner's Guide to Kansas Family Law at 6-22 (Leben ed. 2001).

Matters regarding custody of children are always subject to modification even though the parties enter into various written agreements or stipulations incorporated into either a divorce decree or other final order. Nelson, Child Custody in 1 Practitioner's Guide to Kansas Family Law at 6-33. In fact, when a child's custody is determined by stipulation or default, the custody determination may in fact be at odds with the best interests of the child. *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 284, 15 P.3d 359 (2000), *rev. denied* 271 Kan. 1036 (2001).

When a custody issue is decided between the parents, the trial court must still decide the paramount issue of what is in of the best interests of the child. The trial court is in the best position to make the inquiry and determination, and in the absence of abuse of sound judicial discretion, its judgment will not be disturbed on appeal. *Whipp*, 265 Kan. at 506.

In the instant case, the trial court relied on *Johnson* when it made its decision. However, the *Johnson* court held that "[c]ustody decrees are not always adjudicated, and when they are not, the res judicata policy underlying the material change in circumstances rule in K.S.A. 1999 Supp. 60-1610(a)(2) is not very persuasive." 28 Kan. App. 2d at 284. Unlike *Johnson*, the trial court in the instant case did not make findings of fact and conclusions of law in its previous orders.

Here, the trial court noted that its previous orders regarding custody, visitation, and parenting plans were agreed upon by Keith and Cynthia as a result of mediation. The mediator's job is to listen to the parties and bring the matter to consensus. A mediated custody agreement incorporated into a decree of divorce or other court order does not have the same effect as a court order that is issued after a hearing where evidence is presented and the trial court makes specific findings of fact.

Previously, the trial court adopted the mediation agreement and made it the order of the court but never held an evidentiary hearing on the issue. A trial court abuses its discretion when it finds that the petitioner must prove a material change of circumstances when

no court hearing had ever been held on the issue of child custody and support.

Reversed and remanded for an evidentiary hearing on the issues of child custody and child support.