No. 120,019

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

REBECCA E. BAHLMANN,
*Appellee*,

and

BRUCE F. BAHLMANN,
*Appellant*.

SYLABUS BY THE COURT

1.

We exercise unlimited review of a district court's order dismissing a motion to modify child custody for failing to present a prima facie case of a material change of circumstances.

2.

A decree awarding child custody is res judicata with respect to the facts existing at the time of the decree. But a district court may modify any prior order of custody when the movant shows a material change of circumstances.

3.

K.S.A. 2018 Supp. 23-3219(a) requires a party who moves to modify a child custody order to make specific and known factual allegations either in a verified motion or in an affidavit accompanying an unverified motion. The statute requires both sworn testimony and specificity. The statutory requirement that a motion be supported by affidavit or verification not only assures the court that the affiant is willing to swear to the truthfulness of the facts stated in the motion, but also discourages unmeritorious claims.

1

Matters stated on information and belief do not rise to the level of evidence but are mere unsupported allegations. A district court should base its decision about a prima facie case on the sworn facts in the movant's verified motion or affidavit.

4.

When neither party requests oral argument of a motion, a district court has the authority under Supreme Court Rule 133(c)(2)(B) (2019 Kan. S. Ct. R. 204), after waiting the seven-day response time, to rule on that motion without a hearing.

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed April 5, 2019. Affirmed.

*Trey McGrew-Bryant*, of Seaton, Seaton & Dierks, LLP, of Manhattan, for appellant.

*Kitra R. Schartz*, of Morrison, Frost, Olsen, Irvine & Schartz, LLP, of Manhattan, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

GARDNER, J.:  Bruce F. Bahlmann appeals the district court's dismissal of his motion to modify child custody. He contends that the court failed to consider the facts alleged in his motion as true and failed to give him adequate notice of a hearing on Rebecca Bahlmann's motion to dismiss his motion. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When Rebecca filed for divorce from Bruce she received ex-parte temporary orders for custody and parenting time. Bruce then filed several motions seeking to modify the ex-parte orders. The court heard those motions, held a final hearing on the divorce and custody matters, and then adopted Rebecca's parenting plan. After the court's written decision, the parties remained contentious and continued to litigate custody.

2

Two motions underlie this appeal. First, Bruce moved to modify child custody and for custody evaluation a little over a year after the court's written decision. He claimed a material change in circumstances warranted a change in their parenting plan and custody. He alleged that Rebecca had become physically and emotionally abusive toward the children since custody was last determined and that both children's grades had suffered since the parenting plan began, making their daughter academically ineligible to participate on the cross-country team.

Second, Rebecca moved to dismiss Bruce's motion. Rebecca denied any material change in circumstances and alleged it would not be in the children's best interests to live with Bruce. She denied Bruce's allegations of physical and emotional abuse, asserted that the children's grades had not suffered, and stated that their daughter was on the honor roll. Rebecca also alleged that the court had heard Bruce's complaints before and that the parties had already litigated these issues.

The parties were set to mediate Bruce's motion, but the court sua sponte changed the order from mediation to conciliation. This prompted the parties to file a joint motion for mediation, and Bruce's attorney filed a notice of hearing for that motion.

Rebecca appeared at that hearing in person with her attorney, but Bruce appeared only through his attorney. The first issue the court addressed in the hearing, however, was not the joint motion for mediation but Bruce's motion to modify custody and Rebecca's motion to dismiss that motion. The court discussed Bruce's allegations and Rebecca's responses to them, noting that Bruce's allegations lacked specific times and dates. Bruce's attorney noted that although the motion lacked specific dates, it alleged that the changes had occurred since the last custody determination. He asserted that the court should consider the alleged facts in the light most favorable to Bruce. The district court dismissed Bruce's motion, finding it failed to state facts with specificity and did not show

3

a material change in circumstances. That ruling mooted the parties' joint motion for mediation. Bruce appeals.

### DID THE DISTRICT COURT USE THE WRONG STANDARD IN EVALUATING REBECCA'S MOTION TO DISMISS?

The district court dismissed Bruce's motion to modify child custody and motion for custody evaluation, finding that the motion failed to state with specificity facts that rose to the level of a material change in circumstances as required by K.S.A. 2018 Supp. 23-3218. Bruce argues that the district court erred by considering opposing allegations in Rebecca's motion to dismiss and by failing to accept his factual allegations as true.

*Our Standard of Review*

Given the district court's unique vantage point of what is often an emotionally charged situation in child custody disputes, an appellate court generally will not overturn such decisions unless the court abused its discretion. See *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011). When a party challenges the evidence underlying the district court's decision regarding custody, "this court reviews the evidence in a light most favorable to the prevailing party below to determine if the court's factual findings are supported by substantial competent evidence and whether those findings support the court's legal conclusion." *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 704, 229 P.3d 1187 (2010). This court cannot reweigh evidence, pass on witness credibility, or redetermine questions of fact. 43 Kan. App. 2d at 705.

Here, however, the district court did not hold an evidentiary hearing on Bruce's motion to modify child custody and instead granted Rebecca's motion to dismiss that motion. Bruce contends that under these circumstances, the district court and this court on review must assume all factual allegations in Bruce's motion are true. In support of

4

that proposition, however, Bruce cites only to civil cases dismissed for failure to state a claim at the pleading stage before any evidence was presented, namely *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013); *Campbell v. Husky Hogs*, 292 Kan. 225, 227, 255 P.3d 1 (2011); and *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001).

We have applied that pleading standard to a motion to modify child custody at least once. See *In re Marriage of Uehling*, No. 116,466, 2017 WL 1369958, at * 2 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1318 (2017) (finding that the court's dismissal of a motion to modify based on the pleadings and without an evidentiary hearing was "akin to granting a motion to dismiss, which means we assume the factual allegations contained in the motion are true").

But we do not do so here. As we discuss below, the district court had good reason not to assume the truth of all the factual allegations in Bruce's motion. And a motion is not a pleading. See K.S.A. 2018 Supp. 60-207(a) (listing the only pleadings allowed); (b) (listing requirements for motions and other papers). Bruce has not shown why we should apply the same standard to Rebecca's motion to dismiss his posttrial motion to modify that we apply to a pretrial motion to dismiss a pleading. We assume the factual allegations in a motion to dismiss a pleading are true because no evidence has been presented, the case has just begun, and generally, the only issue is the legal sufficiency of the pleading in stating a claim upon which relief may be granted. See, e.g., *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). Yet the procedural posture of a motion to modify child custody is significantly different. Bruce and Rebecca filed their pleadings long ago and then presented evidence at trial. The district court weighed that evidence, made credibility calls, and issued a final order in the case. Bruce later moved to modify that final order, Rebecca responded by seeking to dismiss Bruce's motion, and the district court dismissed the motion. What happened here is more akin to the court dismissing Bruce's posttrial motion for a new trial based on newly discovered

evidence than it is to a court dismissing a pleading before any evidence has been presented. See K.S.A. 2018 Supp. 60-259(g) (requiring a movant for a new trial based on newly discovered evidence to present evidence by affidavit or by declaration under penalty of perjury); *State v. Laurel*, 299 Kan. 668, 676, 325 P.3d 1154 (2014) (requiring such a movant to show, in addition to other things, that the evidence is of such materiality that it would be likely to produce a different result upon retrial); *State v. Warren*, 302 Kan. 601, 615, 356 P.3d 396 (2015) (finding the district court must assess the credibility of the newly proffered evidence in determining whether that evidence is material).

We exercise unlimited review in determining whether a plaintiff has presented a prima facie case. See *Becker v. Knoll*, 291 Kan. 204, 206, 239 P.3d 830 (2010); *In re Marriage of Novacek*, No. 118,628, 2018 WL 3320195, at *8 (Kan. App. 2018) (unpublished opinion) (applying unlimited review in the context of whether a movant made a prima facie case of material change of circumstances in a child custody case); *In re Marriage of Uehling*, 2017 WL 1369958, at *2 (same). We apply this standard here. Accordingly, we exercise de novo review of Bruce's motion. A prima facie showing is one "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it [may] later be proved to be untrue." Black's Law Dictionary 1382 (10th ed. 2014). Cf. *Frick Farm Properties v. Kansas Dept. of Agriculture*, 289 Kan. 690, Syl. ¶ 10, 216 P.3d 170 (2009) (finding "[p]rima facie evidence is evidence sufficient to sustain a verdict in favor of the issue it supports, even though it may be contradicted by other evidence"). This is similar but not identical to the pleading standard Bruce suggests.

*The Statutory Requirements*

The foremost consideration in any custody determination is a placement that is in the best interests of the child. *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 701. A decree awarding child custody is res judicata with respect to the facts existing at the time

of the decree. *Simmons v. Simmons*, 223 Kan. 639, 642, 576 P.2d 589 (1978). Yet a district court "may change or modify any prior order of custody, residency, visitation and parenting time, when a material change of circumstances is shown." K.S.A 2018 Supp. 23-3218(a).

This statute requires a party who moves a district court to modify its previous decision on custody, residency, and parenting time, to file a motion stating

> "with specificity in the verified motion, or in an accompanying affidavit, all known factual allegations which constitute the basis for the change of custody or residential placement. If the court finds that the allegations set forth in the motion or the accompanying affidavit fail to establish a prima facie case, the court shall deny the motion. If the court finds that the motion establishes a prima facie case, the matter may be tried on the factual issues." K.S.A. 2018 Supp. 23-3219(a).

The statute requires both sworn testimony and specificity. Bald conclusions, mere affirmations of belief, or suspicions are thus insufficient to make a prima facie case of a material change in circumstances.

The purpose of requiring verification is shown by the contents of the verification itself: to assure the court that what is stated in the document is true. See K.S.A. 53-502(c) (providing "'[v]erification upon oath or affirmation' means a declaration that a statement is true made by a person upon oath or affirmation"). This serves the same purpose as an affidavit, which is to assure the court that the affiant is willing to swear to the truthfulness of the facts asserted. See Simpson and Selden, *The Truth About Affidavits*, 11 App. Advoc. 7, 10 (1998) (noting "[t]he purpose of an affidavit is to ensure the efficient admission of truthful evidence of personally known facts"). A statutory requirement that a document be supported by affidavit or verification not only assures the truthfulness of the document but also discourages claims lacking merit. See *Crosby v. County of*

7

*Spokane*, 137 Wash. 2d 296, 301, 971 P.2d 32 (1999) (regarding application for writ of certiorari).

By requiring that a movant file a "verified motion, or . . . an accompanying affidavit," K.S.A. 2018 Supp. 23-3219(a) requires evidentiary proof, not merely unsupported factual allegations:

> "In [his] petition, he not only made allegations of fact, he arguably provided proof of any allegations he had made because he verified his petition—meaning he swore an oath that the contents of the petition were 'true and correct.' This court has long held that a 'petition verified, positively, and not on information and belief, is, in effect, an affidavit.' *Atchison v. Bartholow*, 4 Kan. 124, 128, 1866 WL 457 (1866). And we have allowed the use of a verified petition as evidence as long as it was not 'verified on information and belief.' *State, ex rel. Fatzer v. Molitor*, 175 Kan. 317, 325, 263 P.2d 207 (1953)." *Sperry v. McKune*, 305 Kan. 469, 488, 384 P.3d 1003 (2016).

Matters verified on information and belief do not rise to the level of evidence but are mere unsupported allegations.

> "A petition verified on information and belief only is not an affidavit and is not evidence . . . . The reasoning is simple, a witness would not be permitted from the witness stand to testify to a fact upon his information and belief. By the same token his affidavit on information and belief only will not be given the weight accorded sworn testimony." *State, ex rel. Fatzer v. Molitor*, 175 Kan. 317, 325, 263 P.2d 207 (1953) (finding a petition verified on information and belief an insufficient base upon which to appoint a receiver).

In addition to requiring sworn testimony and specific facts, the statute requires a showing of material change in circumstances. The party requesting the modification bears the burden of showing a material change in circumstances. *Kimbell v. Kimbell*, 190 Kan. 488, 490, 376 P.2d 881 (1962). "A material change in circumstances" requires the district

8

court to consider a variety of factors and circumstances. *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 280, 15 P.3d 359 (2000). "[O]ur courts have not been very specific as to what constitutes a material change in circumstances." *In re Marriage of Cobb*, 26 Kan. App. 2d 388, 389, 988 P.2d 272 (1999). Nonetheless, the district court must determine whether the facts sworn to in the motion are material, meaning that these facts have some real bearing on the decision in the case. *State v. Haygood*, 308 Kan. 1387, 1392, 430 P.3d 11 (2018). And to be considered a material change in circumstances, the change must be of a substantial and continuing nature as to make the prior custody decree unreasonable. *In re Marriage of Whipp*, 265 Kan. 500, Syl. ¶ 3, 962 P.2d 1058 (1998).

Requiring a material change in circumstances is for good reason:

"A twofold policy underlies the material change in circumstance rule. First, a reasonable degree of stability in a child's important relationships contributes to the emotional, intellectual, and moral development of the child. Second, the court generally favors one-time adjudication of matters and opposes repetitive actions. *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 280, 15 P.3d 359 (2000), *rev. denied* 271 Kan. 1036 (2001)." *In re Marriage of Lehner*, No. 96,698, 2007 WL 1667115, at *8 (Kan. App. 2007) (unpublished opinion).

Those policies are well served by K.S.A. 2018 Supp. 23-3219(a)'s requirement that a party who seeks to change a court order of child custody must do so by specific and known factual allegations either in a verified motion or in an affidavit accompanying an unverified motion.

*The Motion to Modify Child Custody*

With those general principles in mind, we examine Bruce's motion to modify child custody. It was not accompanied by an affidavit but purported to be a verified motion, as the statute permits. See K.S.A. 2018 Supp. 23-3219(a). Bruce's verification of the motion

9

swore that he had read the motion, that he "knows and understands the contents thereof, and that the statements and allegations therein made are true."

The first factual assertion in Bruce's motion was that the parties had entered an agreed parenting plan. Yet that factual assertion was one the district court could not accept as true. The district court had held an eight-hour evidentiary hearing on the matter, which the court characterized as "highly contested." The district court's order correctly found that the parties had fully litigated the issues of child custody and parenting time at an all-day evidentiary hearing. After hearing the evidence, the district court adopted Rebecca's parenting plan, making it the order of the court. A party seeking to modify child custody based on a prior agreement of the parties incorporated into the divorce decree does not have to show a material change of circumstances when there has never been a prior court hearing held on child custody. See *In re Marriage of Jennings*, 30 Kan. App. 2d 860, 863-64, 50 P.3d 506 (2002). Instead, in that situation, the court may modify an agreement simply based on the best interests of the child. See 30 Kan. App. 2d at 862-63. But that was not Bruce's situation. Because no agreed parenting plan had been entered, Bruce bore the burden to show a material change of circumstances in addition to the best interests of the children. Bruce's first factual statement in his motion was not only inaccurate, it was materially so.

Bruce's motion next alleged that since the parenting plan had been entered, a material change in circumstances had occurred and it would be in the children's best interests for him to have primary residential custody and for Rebecca to have limited and supervised parenting time. This assertion is merely introductory and conclusory, and largely repeats the legal standard necessary for such motions.

Bruce's motion then made four assertions to show a material change in circumstances:

10

"a)    "Upon information and belief, [Rebecca] has physically and emotionally abused the children since custody was last determined. The children have been slapped to the point their nose bled and [Rebecca] pokes, slaps, pinches, scratches, and 'fist pushes' the children.

"b)    Upon information and belief, [Rebecca] berates the children in front of their friends. One such incident occurred at a child's track meet. [Rebecca] became upset that the child didn't recognize that [she] was cheering on the child from the stands during the race. [Rebecca] unnecessarily confronted the child in front of all of her friends at the conclusion of the race in a manner not in the child's best interest, but solely in the interest of [Rebecca]. Upon returning home an argument ensued and [Rebecca] slapped the child so hard that the child began to cry. When the child tried to move away from [her], [Rebecca] dug her nails into the child's shoulder and dragged her back towards [her.]

"c)    Since the prior Parenting Plan, both children's grades have been greatly challenged and several of their grades substantially fell. When [Bruce] is exercising parenting time, the parties' son often forgets, or is directed, to not bring his homework with him. Both children have fallen behind on their school work. Daughter was declared academically ineligible for cross country. [Bruce] believes that [Rebecca] is not spending adequate time with the children on their studies and actively encourages the children not to do their homework with [Bruce].

" . . . . [Bruce] is cut out of school activities due to lack of notice by [Rebecca], is not a part of enrollment or class selection, and has had zero say in the medical decisions related to the children."

The first two factual allegations were admittedly not based on Bruce's personal knowledge—instead they were based "upon information and belief." That portion of the motion consists of mere allegations even though the motion itself was verified under oath. See *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 276, 275 P.3d 869 (2012) (examining a verified petition). But the statute requires the movant to set forth "all *known* factual allegations which constitute the basis for the change of custody or residential placement." K.S.A. 2018 Supp. 23-3219(a); see *In re Marriage of Ziebart*, No. 117,293,

11

2018 WL 1545786, at *7 (Kan. App. 2018) (unpublished opinion) (finding "K.S.A. 2016 Supp. 23-3219[a] . . . acts as a gatekeeper requiring verified facts to be alleged with specificity and requires a court to deny the motion if it fails to allege a prima facie case for a change of legal or residential custody"). Bruce's allegations of physical and emotional abuse were based on information and belief and were not verified factual assertions—they fail to meet the statutory requirement of sworn evidence.

We have not often addressed the requisite evidentiary basis for a motion to change child custody. But we have often addressed the necessary evidentiary basis for affidavits in the criminal context. Affidavits are usually based on one's personal knowledge of the facts stated in the document. But they may be based on hearsay in some circumstances. "[W]hile [a search warrant] affidavit may be based on hearsay, there must be sufficient affirmative allegations of fact as to an affiant's personal knowledge to provide a rational basis upon which a magistrate can make a determination of probable cause." *State v. Hicks*, 282 Kan. 599, 614, 147 P.3d 1076 (2006).

Those requirements, of course, do not apply here. But the underlying rationale is the same. If a verified motion or an affidavit in support of a change of custody motion is based on hearsay, such as a statement made by one's child, it must contain sufficient affirmative allegations of fact about the movant's personal knowledge to provide a rational basis on which the district court can determine whether the movant has met the statutory requirements. The district court cannot be faulted for considering in its prima facie determination the movant's admitted lack of personal knowledge of the facts alleged.

But even if Bruce's factual allegations had been sufficiently sworn and based on his personal knowledge, his motion would still not have met the statutory standard. His allegations of Rebecca's physical and emotional abuse were substantial and perhaps continuing, but they were not specific as to time, place, or other circumstances. The same

12

is true for Bruce's allegation that Rebecca berates the children in front of their friends. These are conclusory assertions or opinions which the court must disregard. Only the sworn facts of a verified motion, as distinguished from mere conclusory allegations, must be accepted as true. See *Aeroflex*, 294 Kan. at 278 (examining verified petition and affidavits in reviewing whether a plaintiff had made a prima facie showing that the defendant had committed a tortious act in Kansas). And Bruce's allegation about the track meet incident, even if specific and substantial, was about a one-time event, not of a continuing nature. Declining grades, although concerning to parents, can be due to many causes. Bruce's allegations about grades and homework issues are not sufficiently substantial or specific to warrant a hearing on a motion to modify child custody.

But even if Bruce's facts were properly sworn and specific enough, Bruce failed to show they constituted a material change in circumstances. The district court found, to the contrary, that some or all the issues Bruce alleged in his motion had been previously litigated, saying it was "unable to determine whether any of these allegations raised in the motion took place before the hearing." It specifically noted Bruce's "whole deal of notice at the school," "issues of abuse," and "issues of school," were among the many issues the parties had litigated during the prior evidentiary hearing. Bruce does not dispute that finding on appeal. Bruce cannot meet his burden of establishing a prima facie case with the same evidence the trial court previously considered and rejected.

Before concluding that Bruce had failed to state the facts with specificity, the district court noted that Rebecca denied the abuse and said their daughter was on the honor roll. It stated: "You can't be on the honor roll and be declared academically ineligible." Bruce argues that this comment, among others, shows that the district court did not accept the allegations in his motion as true but relied on Rebecca's motion and weighed the competing factual allegations in her favor. We agree that the district court erred in this respect and should have based its decision about a prima facie case solely on the sworn facts in Bruce's verified motion. See K.S.A. 2018 Supp. 23-3219(a) ("If the

13

court finds that *the allegations set forth in the motion or the accompanying affidavit* fail to establish a prima facie case, the court shall deny the motion. If the court finds that the motion establishes a prima facie case, the matter may be tried on factual issues." [Emphasis added.]).

But we find no reversible error. Our review is de novo. Having reviewed the motion ourselves, we find that even if we consider only Bruce's motion and consider all its sworn facts as true, the factual assertions fail to make a prima facie case of a material change in circumstances as required by K.S.A. 2018 Supp. 23-3219(a). Because Bruce failed to make a prima facie case, the district court did not need to conduct an evidentiary hearing. See K.S.A. 2018 Supp. 23-3219(a). Thus, no reversible error has been shown.

## DID THE DISTRICT COURT ERR BY HEARING THE MOTION TO DISMISS WITHOUT PROVIDING NOTICE TO THE PARTIES?

Bruce next contends that the district court committed reversible error by dismissing his motion to modify child custody at a hearing which noticed only the parties' joint motion for mediation and at which he was not present. This, he contends, violated his right to due process. Rebecca responds that Bruce did not raise the issue of improper notice at the time of the hearing and that under the circumstances, no hearing or notice of hearing on his motion was necessary.

This matter is governed by our statutes and court rules. Bruce relies on K.S.A. 2018 Supp. 60-206(c)(1), which generally provides that a written motion and notice of the hearing must be served at least seven days before the time specified for the hearing. But Kansas Supreme Court Rule 133(c) (2019 Kan. S. Ct. R. 204) specifies that when neither party requests oral argument, the court may either set the matter for hearing or rule on the motion without a hearing and communicate the ruling to the parties. That is what happened here.

14

"(c) **Oral Argument**. The following rules govern oral argument and rulings on motions.

        (1) **When Oral Argument is Requested**. A party may request oral argument—either in the motion or in a response filed by the adverse party under subsection (b). The court must grant a timely request for oral argument unless it states in the ruling or by separate communication that oral argument would not aid the court materially.

        (2) **When Oral Argument is Not Requested**. If no party requests oral argument, the court may:

        (A) set the matter for hearing; or

        (B) rule on the motion immediately and communicate the ruling to the parties."

Rule 133 (c) (2019 Kan. S. Ct. R. 205).

Neither party requested oral argument of either Bruce's motion to modify child custody or of Rebecca's motion to dismiss, so the district court had the authority under Supreme Court Rule 133(c)(2)(B), after waiting the seven-day response time, to rule on both motions without any hearing. It did so.

The district court addressed the motion to dismiss during a hearing that had been noticed for the parties' joint motion for mediation. This is not ideal but neither is it reversible error. The district court did not need to notice a hearing because it had the power to rule on Bruce's or Rebecca's motion immediately and to communicate the ruling to the parties. Because dismissal of Bruce's motion to modify was warranted, no need to mediate that motion existed. Bruce was not prejudiced because the district court had no duty to hold a hearing either on his motion to modify or on Rebecca's motion to dismiss, and Bruce had ample opportunity to request a hearing on both or either motion yet chose not to do so. Under these circumstances, where the district court complied with both the statute and Supreme Court Rule 133(c)(2)(B), no due process violation has been shown.

Affirmed.