IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

MASON V. LINCOLN POLICE DEPT.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RODNEY MASON, APPELLANT,

V.

LINCOLN POLICE DEPARTMENT ET AL., APPELLEES.

Filed July 8, 2025.    No. A-24-750.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Rodney Mason, pro se.

Lily L. Ealey, Assistant Lincoln City Attorney, and Nathan R. Uhrmacher, Senior Certified Law Student, for appellees.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

### INTRODUCTION

Rodney Mason filed a petition for a writ of mandamus in the district court for Lancaster County after several of his record requests were denied. The district court determined that Mason's petition and accompanying affidavit were not accurately verified and dismissed his petition for lack of jurisdiction. For the reasons that follow, we affirm.

### BACKGROUND

Mason was convicted of first degree murder sometime around 2003 and sentenced to life imprisonment. He currently resides at the Nebraska State Penitentiary. Mason believes that the Lincoln Police Department, Lancaster County Attorney's Office, and the Nebraska Attorney General's Office currently possess exculpatory evidence that could prove his innocence. Based on

- 1 -

this belief, he filed several Freedom of Information Act requests for those records. While some of those requests were fulfilled, others were denied pursuant to Neb. Rev. Stat. § 84-712.05 (Reissue 2024).

On August 7, 2024, in response to those denials, Mason filed a petition for a writ of mandamus whereupon he requested the district court to order the release of the requested records. Accompanying this petition was a notarized affidavit. As relevant, this affidavit stated, "Relator brings this affidavit in good faith and the Relator states that all claims made in this affidavit are true and correct to the best of his knowledge."

On September 5, 2024, the district court issued an order where it determined that Mason's petition and affidavit were not properly verified. Therefore, the court determined it lacked jurisdiction and dismissed Mason's petition.

On September 18, 2024, Mason filed a motion to amend. In this motion, he requested the court issue an order nunc pro tunc so he could amend his petition and affidavit to rectify the issues within them. While this order is not in our record, the district court denied Mason's motion to amend on October 4.

Mason now appeals.

## ASSIGNMENTS OF ERROR

Restated, Mason assigns the district court erred in (1) dismissing his petition for a writ of mandamus for lack of jurisdiction and (2) denying his motion to amend.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Burries v. Schmaderer*, 30 Neb. App. 359, 968 N.W.2d 128 (2021).

## ANALYSIS

*Dismissal for Lack of Jurisdiction.*

Mason first assigns the district court erred in dismissing his petition for a writ of mandamus for lack of jurisdiction.

A person denied access to a public record, as Mason was in this case, may elect to file for speedy relief by a writ of mandamus. Neb. Rev. Stat. § 84-712.03 (Reissue 2024). A person choosing to seek speedy relief by a writ of mandamus pursuant to § 84-712.03(1)(a) must follow the procedural requirements set forth in Neb. Rev. Stat. §§ 25-2156 through 25-2169 (Reissue 2016). *Burries v. Schmaderer, supra*. One such procedural requirement for a writ of mandamus is delineated in § 25-2160, which provides, in part, that "[t]he motion for the writ [of mandamus] must be made upon affidavit." *Burries v. Schmaderer*, 30 Neb. App. at 364, 968 N.W.2d at 132. However, it has long been held that the "motion . . . upon affidavit" requirement of § 25-2160 may be fulfilled by a verified petition. *Id*.

The filing of a motion and affidavit or a verified petition is a jurisdictional requirement before a district court may issue a writ of mandamus, and until such filing is made, the court does not have jurisdiction over an action for writ of mandamus. *State ex rel. Malone v.*

*Baldonado-Bellamy*, 307 Neb. 549, 950 N.W.2d 81 (2020). The Nebraska Supreme Court has consistently held that a verification which is a part of an affidavit "upon which a writ of mandamus is sought must be positively verified, and a verification based upon mere belief is inadequate." *Id.* at 558, 950 N.W.2d at 87 (citing *State ex rel. Van Cleave v. City of No. Platte*, 213 Neb. 426, 329 N.W.2d 358 (1983)). See, also, *Steidl v. State*, 63 Neb. 695, 88 N.W. 853 (1902) (finding that affidavit in support of motion for mandamus must be sworn to positively, and not on information and belief); *Tasich v. State*, 111 Neb. 465, 196 N.W. 688 (1923) (stating that affidavit made by private citizen must be positively verified).

In *State ex rel. Van Cleave v. City of No. Platte, supra*, the petition for a writ of mandamus was accompanied by a notarized affidavit that stated:

> NOW on this 2nd day of November, 1981, before me, the undersigned Notary Public, personally appeared Jody N. Van Cleave and Kathy L. Van Cleave, who being first duly sworn upon oath, signed the above and foregoing Petition and Affidavit and acknowledged that they have read said Petition and Affidavit, know the contents thereof and the facts alleged therein are true as they verily believe.

*Id.* at 429, 329 N.W.2d at 360. The Nebraska Supreme Court determined this verification was inadequate because it was based upon the petitioner's "mere belief." *Id.* In holding that the affidavit needed to be "positively verified," the Court stated:

> The reason for such a rule should be apparent. The issuance of a peremptory writ of mandamus is an extraordinary action and should not be done unless the trial court is assured that there is someone who represents to the court that the facts presented are true and who may be subject to perjury if it later proves otherwise.

*Id.* at 430, 329 N.W.2d at 361.

Other jurisdictions have similarly concluded that affidavits based on mere information and belief are insufficient when they are required to be positively verified. See, *Matter of Marriage of Bahlmann*, 56 Kan. App. 2d 901, 440 P.3d 597 (2019) (finding that petition verified only on information and belief is not affidavit because it merely contains unsupported allegations); *Davis v. Westphal*, 389 Mont. 251, 405 P.3d 73 (2017) (stating that affidavit is only competently verified if allegations are made positively and not upon information and belief); *Old Republic Nat. Title Ins. v. Kornegay*, 292 P.3d 1111, 1118 (Colo. 2012) (finding that affidavit in support of prejudgment attachment must be made "'positively' by one with knowledge of the facts, and cannot be submitted on information and belief by a corporate officer or attorney"); *Huwe v. Singer*, 63 N.W.2d 399 (N.D. 1954) (finding that affidavits and verified answers must be stated positively and that allegations based on mere information and belief are insufficient).

The current matter presents the same situation as in *State ex rel. Van Cleave v. City of No. Platte, supra*. Mason's affidavit asserts that the petition was made in good faith and that "all claims made in [the] affidavit are true and correct to the best of his knowledge." The words "to the best of his knowledge" is similar to asserting that the facts alleged therein are true as verily believed. See *id*. (verification inadequate when based on mere belief). When a writ of mandamus is being sought, the trial court must be assured that the facts being presented are true and that the person representing those facts may be subject to perjury if the facts are later proved otherwise. See *id*.

The assertion that the claims made in the affidavit are "true and correct" must be made without being conditioned on "belief" or "the best of one's knowledge." Such language suggests that the affiant may not have actual or personal knowledge of the facts asserted.

Personal knowledge of a matter is a requirement for a witness' testimony. See Neb. Rev. Stat. § 27-602 (Reissue 2016) ("witness may not testify to a matter unless evidence is introduced sufficient to support that he has personal knowledge of the matter"). Because Mason claimed that his assertions of fact were based only upon the best of his knowledge, which we construe as being made only to the best of his belief, he has not positively verified his claims based upon personal knowledge.

Consequently, without a positively verified affidavit, we determine that Mason's petition does not comply with § 25-2160's requirement that each petition "be made upon affidavit."

Therefore, we determine the district court did not err in determining that it lacked jurisdiction over the mandamus action. When a trial court lacks jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018). Accordingly, we must dismiss Mason's appeal for lack of jurisdiction.

*Denial of Motion to Amend.*

Mason also assigns the district court erred in denying his request to amend his petition and affidavit. Because we determined that we do not have jurisdiction over this appeal, we do not address this assignment of error.

## CONCLUSION

We determine that because Mason's affidavit was only verified to the best of his knowledge, which we construe as being similar to being verified to the best of his belief, he failed to abide by the procedural requirements of § 25-2160. Therefore, the district court lacked jurisdiction over his petition for a writ of mandamus. Consequently, we lack jurisdiction over his appeal and it must be dismissed.

AFFIRMED.