STATE OF NEBRASKA EX REL. JODY N. VAN CLEAVE AND KATHY L. VAN CLEAVE, APPELLEES, v. CITY OF NORTH PLATTE, LINCOLN COUNTY, NEBRASKA, APPELLANT.

329 N.W.2d 358

Filed January 28, 1983. No. 81-833.

Richard W. Satterfield, for appellant.

Patrick B. Hays of Clough & Hays, for appellees.

Mattson, Ricketts, Davies, Stewart, Calkins & Duxbury, for amicus curiae League of Nebraska Municipalities.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

KRIVOSHA, C.J.

The City of North Platte, Nebraska, appeals from an order entered by the District Court for Lincoln County, Nebraska, directing the issuance of a peremptory writ of mandamus requiring the City of North Platte to connect the appellees' property to a water main owned by the city.

On November 2, 1981, the Van Cleaves filed a document entitled "Petition and Affidavit for Writ of Mandamus" in the District Court for Lincoln County, Nebraska. The petition alleged that the Van Cleaves were the owners of certain real estate located in the City of North Platte abutting a water main previously constructed and now owned by the City of North Platte. The petition further alleged, in essence, that the city refused to make the connection unless the Van Cleaves agreed to pay to the city an amount "equivalent to the average current water main assessment amount on water districts on a front foot or square foot basis as appropriate." The Van Cleaves alleged that they offered to pay the normal hookup fee in the amount of $295 but refused to pay the additional charge, computed to be in the amount of $721.54. The petition concluded by alleging that the Van Cleaves had no adequate remedy

at law, that the right of the Van Cleaves to require the City of North Platte to act as requested was clear, and that it was apparent "that no valid excuse can be given for nonperformance."

Without notice, the trial court issued a peremptory writ of mandamus directing the city to connect the Van Cleaves' property to the city water main adjacent to their property. Thereafter, on November 12, 1981, the city filed a document entitled "Motion to Vacate Judgment," alleging that the "City is willing to allow the plaintiffs to connect to its water main provided that the plaintiffs pay to the City its customary and standard charges as determined by the ordinances of the City." The motion to vacate did not make reference to the ordinances, but at the hearing on the motion to vacate there was offered in evidence, without objection, a copy of ordinance No. 2333. The ordinance provided in part: "That a property owner who has not previously shared in water main costs shall not be entitled to make connection to such existing main until he has paid to the North Platte Water Department the current average equivalent water district assessment cost as determined by the manager of the Municipal Light and Water Department. Nothing herein shall be construed to prevent the city from supplying water by separate agreement." The city maintains that, by reason of the existence of ordinance No. 2333, it is entitled to collect the sums requested and that the peremptory writ should not have been issued. Unfortunately, we are not able to reach that issue and do not, by this opinion, pass upon the validity of the ordinance in question.

The right to a peremptory writ of mandamus is dependent upon statute. See Neb. Rev. Stat. §§ 25-2156 to 25-2169 (Reissue 1979). Specifically, § 25-2160 provides in part: "The motion for the writ must be made upon affidavit." The record in this case fails to disclose the filing of such an affidavit, even though the document filed was so entitled. The

petition and affidavit for writ of mandamus filed by the Van Cleaves is verified as follows: "NOW on this 2nd day of November, 1981, before me, the undersigned Notary Public, personally appeared Jody N. Van Cleave and Kathy L. Van Cleave, who being first duly sworn upon oath, signed the above and foregoing Petition and Affidavit and acknowledged that they have read said Petition and Affidavit, know the contents thereof *and the facts alleged therein are true as they verily believe.*" (Emphasis supplied.) A verification which is a part of an affidavit upon which a writ of mandamus is sought must be positively verified, and a verification based upon mere belief is inadequate. In the case of *State ex rel. Roberts v. The Mayor,* 4 Neb. 260 (1876), we said: "Our statute regulating the issuance of this writ, requires the motion therefor to be made upon an affidavit setting forth the facts upon which it is based. *Genl. Stat.,* 640, *Sec.* 649. This application is by petition, verified in the usual mode of verifying a pleading under the code, that the facts stated therein are true as affiant 'verily believes.' This is a fatal defect, and a sufficient reason for denying the motion." What was Gen. Stat. § 649 (1873) is now that portion of § 25-2160 which requires the filing of an affidavit.

In *The State ex rel. Leonard v. School Dists. No. 3 and 4, Clay Co.,* 8 Neb. 98 (1878), we again addressed this issue, saying: "The application for a mandamus in this case is verified upon information and belief. An application verified in this manner, where there is no appearance on the part of the defendants, is sufficient cause for refusing either a peremptory or alternative writ."

In the case of *Little v. Board of County Commissioners,* 179 Neb. 655, 140 N.W.2d 1 (1966), appellants sought a review of the trial court's dismissal of their petition in error. As a part of their argument, appellants urged the court to consider their filings as a petition and affidavit seeking a writ of mandamus.

In rejecting that argument we said at 660, 140 N.W.2d at 4-5: "Appellants urge that if we determine that a petition in error is not the proper remedy, that the pleadings are broad enough to permit mandamus or other appropriate relief. There are several reasons why appellants' contention is without merit. Suffice it to say that even if the petition in error, *which is verified on information and belief,* is broad enough to be interpreted as a petition in mandamus, there is no application by motion supported by affidavit to justify the action pursuant to section 25-2160, R.R.S. 1943. See State ex rel. Krieger v. Board of Supervisors, 171 Neb. 117, 105 N.W.2d 721.

"As we said in State ex rel. Chicago & N. W. Ry. Co. v. Harrington, 78 Neb. 395, 110 N.W. 1016: 'An action to procure the issuance of a writ of mandamus is not begun until a motion and affidavit, or a petition *verified positively,* is filed in the district court, * * *.' " (Emphasis supplied.) It appearing without question that neither a motion and affidavit nor a petition positively verified has been filed, the trial court was without authority to issue the peremptory writ of mandamus. The reason for such a rule should be apparent. The issuance of a peremptory writ of mandamus is an extraordinary action and should not be done unless the trial court is assured that there is someone who represents to the court that the facts presented are true and who may be subject to perjury if it later proves otherwise. We are not able to reach the issue of whether ordinance No. 2333 is constitutional and valid. The judgment of the trial court therefore is reversed and the cause is remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.