Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/15/2021 09:08 AM CST

- 549 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

State of Nebraska ex rel. Kevin W. Malone,
appellant, v. Megan Baldonado-Bellamy,
in her official capacity as official court
reporter, District Court for Douglas
County, Nebraska, and John Friend,
in his official capacity as clerk of
the District Court for Douglas
County, Nebraska, appellees.

___ N.W.2d ___

Filed October 23, 2020.    No. S-19-856.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question
   that does not involve a factual dispute is determined by an appellate
   court as a matter of law, which requires the appellate court to reach a
   conclusion independent of the lower court's decision.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues pre-
   sented for review, it is an appellate court's duty to determine whether it
   has jurisdiction to decide them.
3. **Mandamus.** A person choosing to seek speedy relief by a writ of man-
   damus pursuant to Neb. Rev. Stat. § 84-712.03(1)(a) (Cum. Supp. 2018)
   must follow the procedural requirements set forth in Neb. Rev. Stat.
   §§ 25-2156 through 25-2169 (Reissue 2016).
4. ____. An action to procure the issuance of a writ of mandamus is not
   begun until a motion and affidavit, or a petition verified positively, is
   filed in the district court.
5. **Mandamus: Jurisdiction.** The filing of a motion and affidavit or a veri-
   fied petition is a jurisdictional requirement before a district court may
   issue a writ of mandamus, and until such filing is made, the court does
   not have jurisdiction over an action for writ of mandamus.
6. **Jurisdiction: Appeal and Error.** When a trial court lacks jurisdiction
   to adjudicate the merits of a claim, issue, or question, an appellate court
   also lacks the power to determine the merits of the claim, issue, or ques-
   tion presented to the lower court.

- 550 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Appeal dismissed.

Bradley H. Supernaw and Richard L. Boucher, of Boucher Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Danielle Rowley for appellee Megan Baldonado-Bellamy.

Donald W. Kleine, Douglas County Attorney, Joshua R. Woolf, Tess M. Moyer, and Timothy Coffey, Senior Certified Law Student, for appellee John Friend.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Miller-Lerman, J.
                    NATURE OF CASE
Kevin W. Malone appeals the order of the district court for Douglas County which declined to issue a writ of mandamus which he sought pursuant to Neb. Rev. Stat. §§ 84-712 et seq. (Reissue 2014 & Cum. Supp. 2018) (public records statutes) in order to obtain an audio recording of his criminal trial. The district court determined that the public records statutes were inapplicable to Malone's request for the audio recording and that access to the record of court proceedings was governed by court rules rather than the public records statutes. Malone claims that the court erred when it determined that the public records statutes did not entitle him to a copy of the audio recording of his trial.

The court reporter and the clerk of the district court from whom Malone sought to obtain the audio recording argue on appeal that in addition to the basis upon which the district court denied mandamus, denial was proper for other reasons, including the contention that the district court lacked jurisdiction because Malone failed to file a verified petition or a motion and affidavit in support of his request for a writ of mandamus. We agree that the district court lacked jurisdiction

- 551 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

of this action for writ of mandamus, and as a result, we lack jurisdiction of this appeal. We therefore dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Following a jury trial in 2017, Malone was convicted of motor vehicle homicide, manslaughter, leaving the scene of a personal injury accident resulting in serious bodily injury or death, and driving without an ignition interlock device. On appeal, the Nebraska Court of Appeals rejected Malone's claims of insufficient evidence and excessive sentences and affirmed his convictions and sentences. *State v. Malone*, 26 Neb. App. 121, 917 N.W.2d 164 (2018).

During the direct appeal of his convictions, Malone reviewed the bill of exceptions from his trial. Following his review, Malone believed that the trial record was incomplete. Malone had testified in his defense at the trial, and he believed that an exchange between himself and the prosecutor on cross-examination had been omitted. Malone thereafter made efforts to confirm his suspicion that the exchange had been omitted and to correct the record.

In April 2018, Malone sent a letter to Megan Baldonado-Bellamy, the court reporter who had been assigned to his trial. In the letter, Malone stated his belief that the exchange was missing. He asked Baldonado-Bellamy to check the audio recording of the trial and to provide documentation that the exchange had been made part of the record. Baldonado-Bellamy replied to Malone's letter with a letter in which she stated that she had listened to the audio recording and that the transcript that had been provided was accurate.

In June 2018, Malone sent a second letter to Baldonado-Bellamy and he sent a request to the district court; in both documents, Malone requested that Baldonado-Bellamy provide him copies of the audio recording made of his trial. The judge in Malone's criminal trial replied with a letter in which she stated that she had "reviewed the record" and that Malone's "claim that there is testimony missing from the

- 552 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

official record/Bill of Exceptions is unfounded." The judge concluded that Malone had been "provided with the bill of exceptions as requested."

In July 2018, Malone filed a document in his criminal case in which he requested that the clerk of the district court provide an audio recording of his trial. Malone also sent a letter to John Friend, the clerk of the district court for Douglas County, in which he described the letter as a "follow up" to the court filing and requested, inter alia, copies of the audio recording of his trial.

Also in July 2018, Malone sought assistance from the Nebraska Attorney General's office in obtaining the audio recording of his trial. An assistant attorney general responded to Malone's request with a letter stating the Attorney General's office had considered Malone's request in accordance with the public records statutes and had concluded that the request for an audio recording of his trial was not covered by the public records statutes and that therefore, his request required no further action. Malone sent a letter to the assistant attorney general expressing his disagreement with her conclusions; the assistant attorney general responded with a letter confirming her earlier conclusions but informing Malone he had "the option under Neb. Rev. Stat. § 84-712.03 to pursue this matter in a court of law."

On January 17, 2019, Malone filed a "Complaint for Writ of Mandamus" in the district court. He asserted that the action was authorized pursuant to § 84-712.03(1)(a), which provides that "[a]ny person denied any rights granted by sections 84-712 to 84-712.03 may elect to . . . [f]ile for speedy relief by a writ of mandamus in the district court within whose jurisdiction the state, county, or political subdivision officer who has custody of the public record can be served[.]" Malone named Baldonado-Bellamy and Friend as respondents. Malone alleged that he was "entitled to a p[er]emptory writ of mandamus" requiring Baldonado-Bellamy and Friend to provide copies or allow inspection of certain records he had requested in accordance with the public records statutes.

- 553 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

Malone attached copies of his April 2018 letter to Baldonado-Bellamy and his July 2018 letter to Friend to support his assertion that both had "a clear duty to provide the requested documents pursuant to the Nebraska Public Records Act." Malone also attached a copy of the July 2018 letter from the Attorney General's office, as well as affidavits of four persons who each stated that he or she had been present at Malone's trial and had recalled the exchange between Malone and the prosecutor that Malone asserted was omitted from the bill of exceptions. Malone's "Complaint for Writ of Mandamus" did not include a notarized verification.

On July 15, 2019, Baldonado-Bellamy filed a suggestion of mootness and motion to dismiss. She alleged in the motion and stated in an affidavit that she had resigned her employment as an official court reporter for the district court in December 2017 and that at that time, she retained possession of all shorthand notes and tape recordings she had used to make the records for cases in which she had served as the official court reporter.

Baldonado-Bellamy stated that prior to July 9, 2019, she was unaware of a court rule that provided that upon termination of her employment, she was required to transfer materials used to make records to the clerk of the district court. Baldonado-Bellamy stated that after learning of the rule, she delivered to the clerk of the district court all shorthand notes and tape recordings she had used to make the records for all cases in which she had served as official court reporter. She asserted that because she had relinquished control of all shorthand notes and tape recordings related to Malone's criminal trial, Malone's "Complaint for Writ of Mandamus" was moot as to her because she was no longer the custodian of the records sought. Malone objected to Baldonado-Bellamy's suggestion of mootness and motion to dismiss, and after a hearing, the court overruled the motion without prejudice.

Baldonado-Bellamy filed an amended answer in which she generally denied that she had a duty under the public records statutes to provide the audio recordings to Malone. She

- 554 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

asserted additional defenses, including, inter alia, an assertion that Malone's "Complaint is not made upon affidavit or verified petition as required by Neb. Rev. Stat. § 25-2160." Friend also filed an answer in which he generally denied that he had a duty under the public records statutes and in which he asserted various defenses. Trial was held and included testimony by Malone, Baldonado-Bellamy, and Friend.

Following the trial, the district court entered an order in which it denied and dismissed Malone's action for writ of mandamus. The court stated that although § 84-712(1) provides that a person may seek a public record, the statute clearly provides that a person may do so "[e]xcept as otherwise expressly provided by statute . . . ." The court then cited Neb. Rev. Stat. § 24-1003 (Reissue 2016), which states in part that "[t]he [Nebraska] Supreme Court shall provide by rule for the recording and preservation of evidence in all cases in the district . . . courts and for the preparation of transcripts and bills of exceptions." The court also cited Neb. Rev. Stat. § 25-1140 (Reissue 2016), which provides in part that the "procedure for preparation, settlement, signature, allowance, certification, filing, and amendment of the bill of exceptions shall be regulated and governed by rules of practice prescribed by the Supreme Court." The court noted that pursuant to such statutory authority, this court had adopted a detailed set of rules dealing with court reporting personnel and the recording, preparation, and preservation of court records made in district courts. The court stated that such rules included a uniform set of procedures for the judge, counsel, parties, and nonparties to request the court reporter to prepare a transcript of any proceeding or, for purposes of an appeal, a bill of exceptions. The court noted in particular that Neb. Ct. R. App. P. § 2-105(B)(5) (rev. 2018) provided a procedure for counsel or parties to follow if they believed the bill of exceptions was incorrect or needed to be amended.

The district court concluded that the public records statutes were inapplicable to Malone's request for the audio recording

- 555 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

of his trial, because the rules promulgated by this court pursuant to statutory authority have "expressly provided" the procedure by which one can obtain a record, transcript, or a bill of exceptions from a trial from the court reporter in the district court, as well as the procedure to amend a bill of exceptions a party believes to be incorrect. The court further reasoned that if a person could request an audio recording of a trial pursuant to the public records statutes, it would circumvent the detailed rules adopted by this court. The court concluded that because the public records statutes were inapplicable to Malone's request for an audio recording of his trial, Malone's petition for a writ of mandamus should be denied and dismissed and that it need not consider other issues raised by the parties.

Malone appeals the district court's order which denied his petition for a writ of mandamus.

## ASSIGNMENTS OF ERROR

Malone claims that the district court erred when it found that the court reporter's notes and audio recordings from his trial were not public records under § 84-712.01(1) and when it found that the court rules providing for the production and amendment of bills of exceptions "expressly provide" that audio recordings and court reporter's notes are to be excepted from the public records statutes.

Baldonado-Bellamy argues in her brief, inter alia, that the district court lacked jurisdiction to consider Malone's request for writ of mandamus, because he failed to file either a verified petition or a motion and affidavit to support issuance of a writ of mandamus.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *In re App. No. C-4973 of Skrdlant*, 305 Neb. 635, 942 N.W.2d 196 (2020).

- 556 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

ANALYSIS

[2] Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction to decide them. *Id.* In this case, Baldonado-Bellamy asserts that we lack jurisdiction over this appeal, because the district court lacked jurisdiction over Malone's action for writ of mandamus for the reason that Malone failed to file either a motion and affidavit or a verified petition as required by governing mandamus law. We agree.

Baldonado-Bellamy cites Neb. Rev. Stat. § 25-2160 (Reissue 2016), which provides in part that "[t]he motion for the writ [of mandamus] must be made upon affidavit." She also cites *State ex rel. Van Cleave v. City of No. Platte*, 213 Neb. 426, 430, 329 N.W.2d 358, 361 (1983), in which we held that when "neither a motion and affidavit nor a petition positively verified has been filed, the trial court was without authority to issue the peremptory writ of mandamus." Baldonado-Bellamy argues that to the extent Malone's "Complaint for Writ of Mandamus" may be considered a petition, it was not positively verified, and that to the extent it may be considered a motion, it was not accompanied by a supporting affidavit sworn to by Malone. She notes that Malone's pleading attached affidavits of fact witnesses but that Malone did not swear to or file an affidavit setting forth facts to establish his right to the writ of mandamus.

Malone does not dispute that he did not file either a verified petition or a motion and affidavit as required by § 25-2160. Instead, he argues that he filed for mandamus under the public records statutes, which do not contain the same requirement. He further argues that any jurisdictional defect was cured because the court held a hearing at which he provided sworn testimony to support his request.

[3] Malone filed his petition pursuant to § 84-712.03(1)(a), which provides that "[a]ny person denied any rights granted by sections 84-712 to 84-712.03 may elect to . . . [f]ile for speedy relief by a writ of mandamus in the district court within whose jurisdiction the state, county, or political subdivision

- 557 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

officer who has custody of the public record can be served[.]" We have said, "In the context of a public records denial, a district court's jurisdiction over a writ of mandamus is governed by § 84-712.03, and such jurisdiction does not turn on whether the claim advanced by the relator has merit." *State ex rel. BH Media Group v. Frakes*, 305 Neb. 780, 789, 943 N.W.2d 231, 241 (2020). Although jurisdiction does not turn on the merits of the claim advanced, § 84-712.03(1)(a) provides that a person denied rights under the public records statutes may seek relief by a writ of mandamus in a district court. The procedure for a writ of mandamus in district courts is governed by Neb. Rev. Stat. §§ 25-2156 through 25-2169 (Reissue 2016), and we read the reference to "writ of mandamus in the district court" in § 84-712.03(1)(a) as incorporating such statutes to govern the procedure for obtaining the relief authorized by § 84-712.03(1)(a). Therefore, a person choosing to seek speedy relief by a writ of mandamus pursuant to § 84-712.03(1)(a) must follow the procedural requirements set forth in §§ 25-2156 through 25-2169.

In *State ex rel. Krieger v. Board of Supervisors*, 171 Neb. 117, 120-21, 105 N.W.2d 721, 724-25 (1960), we summarized the statutory procedure in a mandamus action as follows:

> The regular procedure in mandamus, after a petition therefor has been filed, is to make an application for a writ by motion supported by affidavit, whereupon the court may grant the writ without notice, may require notice to be given, or may grant an order to show cause why the writ should not be allowed. See § 25-2160 . . . . When the right to the writ is clear, and it is apparent that no valid excuse can be given for failure to perform the duty, a peremptory writ should be issued. In all other cases, when a writ is issued, it should be in the alternative and contain an order to show cause. See §§ 25-2158 and 25-2159 . . . . The alternative writ and the answer thereto constitute the pleadings in any case wherein an alternative writ has been issued and no other pleadings

- 558 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

are permitted. See §§ 25-2162 and 25-2164 . . . . If no answer is filed to an alternative writ then a peremptory writ must be allowed. § 25-2163 . . . . Generally, when a hearing on an application is ordered and notice thereof given or an order to show cause has been issued and served and a return in either situation presents an issue or issues of fact, the court should not try such issue or issues at that stage of the proceedings but, in such case, issue a writ. However, such writ should be an alternative writ and issues should be made up thereon by the filing of an answer thereto and then tried on the issue or issues raised thereby. . . . However, under our holdings, if no writ has been issued the case may be heard on the petition and response thereto when a hearing or order to show cause has been ordered under section 25-2160 . . . and notice thereof given.

[4] Our case law has long recognized that the "motion . . . upon affidavit" requirement of § 25-2160 may be fulfilled by a verified petition, and we have also long stressed the importance of the motion and affidavit or verified petition, stating, "'An action to procure the issuance of a writ of mandamus is not begun until a motion and affidavit, or a petition verified positively, is filed in the district court . . . .'" *Little v. Board of County Commissioners*, 179 Neb. 655, 660, 140 N.W.2d 1, 5 (1966) (quoting *State v. Harrington*, 78 Neb. 395, 110 N.W. 1016 (1907)). See, also, *State ex rel. Van Cleave v. City of No. Platte*, 213 Neb. 426, 429, 329 N.W.2d 358, 360 (1983) (noting in part that verification "upon which a writ of mandamus is sought must be positively verified, and a verification based upon mere belief is inadequate").

[5] We have characterized the foregoing requirements as jurisdictional. In *State v. Harrington*, this court stated that "a court has no power or jurisdiction to issue a peremptory writ without, first, the filing of the application in the court," 78 Neb. at 400, 110 N.W. at 1017-18, and that "a notice that at some future time the relator would apply [for a writ of

- 559 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

mandamus] has no substantial basis and . . . such a notice served at such a time was insufficient to confer jurisdiction upon the district court," 78 Neb. at 399, 110 N.W. at 1017. Based on this precedent, the filing of a motion and affidavit or a verified petition is a jurisdictional requirement before a district court may issue a writ of mandamus, and until such filing is made, the court does not have jurisdiction over an action for writ of mandamus.

Malone does not dispute that he did not file a verified petition or a motion and affidavit. Instead, he argues that the statutory requirement for a motion and affidavit was met when the court ordered a trial and took sworn testimony. He notes that this court stated that the purpose of the holding in *State ex rel. Van Cleave v. City of No. Platte* was so that "the trial court is assured that there is someone who represents to the court that the facts presented are true and who may be subject to perjury if it later proves otherwise." 213 Neb. at 430, 329 N.W.2d at 361. Malone argues that in this case, the district court heard sworn testimony by three witnesses, including Malone, and the court therefore based its decision on sworn statements.

We have not held that sworn testimony is an acceptable substitute for the "motion . . . upon affidavit" under § 25-2160, and the only alternative that our case law has recognized is a petition verified positively. See, *State ex rel. Van Cleave v. City of No. Platte, supra*; *Little v. Board of County Commissioners, supra*. We note that the section of *State ex rel. Krieger v. Board of Supervisors*, 171 Neb. 117, 121, 105 N.W.2d 721, 725 (1960), quoted above with regard to the regular procedure in mandamus indicates that there is case law to the effect that under appropriate circumstances, "if no writ has been issued the case may be heard on the petition and response thereto." However, we do not read *State ex rel. Krieger* to excuse failure to meet the "motion . . . upon affidavit" requirement of § 25-2160; it instead addresses a court's failure to issue an alternative writ as required under § 25-2159.

- 560 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

Malone's argument might appear to have some support from other jurisdictions. In *Austin v. City of San Antonio*, 630 S.W.2d 391, 393 (Tex. App. 1982), the court stated:

> While a petition for writ of mandamus should be verified, that requirement has been relaxed where, as here, there has been a full evidentiary hearing. . . . And that defect may be waived, as it was in this case when the agency failed to raise the issue before the trial court. . . . We find, therefore, that any defects in the respective parties' pleadings were waived, and that the issues raised by the parties were tried by consent.

We note that unlike the agency in *Austin v. City of San Antonio, supra*, Baldonado-Bellamy in this case raised Malone's failure to comply with § 25-2160. Therefore, there was no waiver or consent in this case. Furthermore, as noted above, our precedent treats § 25-2160 as imposing a jurisdictional requirement, and parties cannot waive a jurisdictional requirement. See *DeLima v. Tsevi*, 301 Neb. 933, 921 N.W.2d 89 (2018) (parties cannot confer subject matter jurisdiction upon judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of parties).

We reject Malone's argument that the sworn testimony at trial satisfied the jurisdictional requirement of § 25-2160. We conclude that because Malone did not file a motion and affidavit or a properly verified petition, the mandamus action was not begun and the district court did not have jurisdiction to order such trial.

[6] In this case, the district court dismissed Malone's action for writ of mandamus based on the merits. However, the court should not have reached the merits, because the action had not been begun in the manner required by law, and the court therefore should have dismissed for lack of jurisdiction. Because the district court lacked jurisdiction over the mandamus action, we lack jurisdiction of this appeal. When a trial court lacks jurisdiction to adjudicate the merits of a claim,

- 561 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. MALONE v. BALDONADO-BELLAMY
Cite as 307 Neb. 549

issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018). Therefore, we must dismiss this appeal for lack of jurisdiction.

## CONCLUSION

We conclude that because Malone did not file a motion and affidavit or a verified petition, the district court lacked jurisdiction of this proceeding for mandamus. Consequently, we lack jurisdiction of this appeal, and we therefore dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

FREUDENBERG, J., not participating.