Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/16/2021 08:08 AM CST

Anthony Burries, appellant, v.
Todd Schmaderer, appellee.

___ N.W.2d ___

Filed November 9, 2021.    No. A-20-484.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Mandamus.** A person denied access to a public record may elect to file for speedy relief by a writ of mandamus.
3. \_\_\_\_. A person choosing to seek speedy relief by a writ of mandamus pursuant to Neb. Rev. Stat. § 84-712.03 (Cum. Supp. 2018) of the public records statutes must follow the procedural requirements set forth in Neb. Rev. Stat. §§ 25-2156 through 25-2169 (Reissue 2016).
4. **Mandamus: Jurisdiction.** The filing of a motion and affidavit or a verified petition is a jurisdictional requirement before a district court may issue a writ of mandamus, and until such filing is made, the court does not have jurisdiction over an action for writ of mandamus.
5. **Jurisdiction: Appeal and Error.** When a trial court lacks jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

Appeal from the District Court for Douglas County: Patricia A. Lamberty, Judge. Appeal dismissed.

Anthony Burries, pro se.

Timothy G. Himes, Sr., Senior Assistant Omaha City Attorney, for appellee.

Riedmann, Bishop, and Arterburn, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Anthony Burries, an inmate at the Nebraska State Penitentiary, sent public records request letters to Omaha Police Chief Todd Schmaderer under Neb. Rev. Stat. § 84-712 (Reissue 2014), seeking records related to the murder of Tina Hoult, which Burries was convicted of committing. Burries' requests were denied, and he sought a writ of mandamus from the district court for Douglas County. Ultimately, the district court granted Schmaderer's motion to dismiss the petition for writ of mandamus on the basis that Burries had failed to adequately allege that the documents he requested were in Schmaderer's possession, were not protected from disclosure, and were not readily available from other sources.

Burries has appealed from the district court's decision. Upon our review, we conclude that the district court lacked jurisdiction to consider Burries' petition for writ of mandamus. And, as a result, we lack jurisdiction over this appeal. We therefore dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Burries sent Schmaderer a letter dated March 11, 2019, wherein Burries requested copies of various "public records" pursuant to § 84-712. Burries set forth seven separate categories of information he requested related to the murder of Hoult, including all police reports; cellular telephone information obtained from cellular telephones confiscated by police officers, specifically, all extracted text messages, call logs, and emails from the cellular telephones; records related to the investigation into a certain vehicle linked to the murder; results from any DNA testing conducted and information as to why certain items were not tested for DNA; video surveillance obtained by police of at least eight different locations; any "crimestopper tips" associated with the murder; and all newspaper, television, and radio news stories discussing the murder.

In response to Burries' requests, a deputy chief from the Omaha Police Department sent Burries a letter explaining:

> The only report that is considered public record under this request is the Incident Report[]. I have included a copy of the Incident Report for this homicide with this letter. All other materials [are] considered investigative and [are] not considered public record under Neb. Rev. Stat. § 84-712[.05](5). Therefore your request for that material is denied.

As stated in the letter, the incident report related to Hoult's murder was attached.

Burries sent a second letter to Schmaderer on March 25, 2019, requesting the same "public records" as he requested in his March 11 letter. In response to the March 25 letter, a deputy city attorney from the city of Omaha sent Burries a letter again explaining that the information he requested was investigatory in nature and that he did not have a right to such records pursuant to the Nebraska public records statutes, Neb. Rev. Stat. § 84-712 et. seq. (Reissue 2014 & Cum. Supp. 2018). The letter provided, in pertinent part:

> In your request, you seek all related documents, audio, images, and footage concerning your murder conviction and then you seek to have the police department respond to questions. In regards to your requests requesting the Omaha Police Department to do additional investigative work or to respond to your questions, that is beyond the Nebraska Public Records Act and such work will not be done. The remaining items would generally be found in the District Court file and include evidence offered, testimony, exhibit lists, and any footage offered into evidence. You may contact the Clerk of the District Court to get these documents . . . .
>
> The investigation of the Omaha Police Department into the murder of . . . Hoult are police investigative records. Other than the incident report (which I will be happy to provide if you need it), any such documents are

records developed as part of a law enforcement agency's investigation and constitute part of the investigation and are withheld pursuant to . . . § 84-712.05(5) . . . . The exception would be any documents that were disclosed in an open court proceeding as described above. If you have a log of the items admitted into evidence, we will certainly provide you an opportunity to review those items.

On October 23, 2019, Burries filed a pro se "Petition for Writ of Mandamus" asking the district court to issue an order compelling Schmaderer to turn over the public records related to the murder of Hoult that he had previously requested. Burries referenced and incorporated into his petition his letters to Schmaderer dated March 11, 2019, and March 25, 2019. He also attached the letters sent in response to his requests. Burries' "Petition for Writ of Mandamus" did not include a notarized verification, and there is no affidavit in support of the petition present in the record.

Schmaderer filed a motion to dismiss Burries' petition for writ of mandamus. In the motion, Schmaderer alleged that the petition failed to state a claim upon which relief could be granted. Specifically, Schmaderer indicated that Burries failed to affirmatively allege that the public records requested were in Schmaderer's possession, were not protected from disclosure by § 84-712.05, and were not readily available from other sources. Schmaderer also alleged that Burries' petition failed to comply with certain procedural requirements. A hearing was scheduled on the motion to dismiss.

Burries attempted to subpoena 16 witnesses to appear and testify at the scheduled hearing on Schmaderer's motion to dismiss. The court denied the subpoenas. The court stated:

[Burries'] praecipes are requesting subpoenas for a hearing which is scheduled for June 11, 2020. This hearing is on [Schmaderer's] Motion to Dismiss. Said motion will be heard on the face of the pleadings only and no testimony or evidence will be allowed. The filing of the

Praecipes for Subpoena Duces Tecum is premature as this is not a trial, it is a hearing on [Schmaderer's] Motion to Dismiss.

After the hearing on Schmaderer's motion to dismiss, the district court entered an order sustaining the motion and dismissing Burries' petition with prejudice. The order provided: "[Burries] has failed to demonstrate that the documents, information, and things identified in his requests are: a. in [Schmaderer's] possession; b. not protected from disclosure by the Public Records Statutes, specifically NEB. REV. STAT. § 84-712.05; and c. not readily available from other sources."

Burries appeals from the district court's decision to sustain the motion to dismiss.

ASSIGNMENTS OF ERROR

In his brief on appeal, Burries alleges six assignments of error. However, these assignments of error can be consolidated into one general assertion that the district court erred in granting Schmaderer's motion to dismiss the petition for writ of mandamus.

STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State ex rel. Malone v. Baldonado-Bellamy*, 307 Neb. 549, 950 N.W.2d 81 (2020).

ANALYSIS

[2] Before reaching the legal issues presented for review, an appellate court must first determine whether it has jurisdiction to decide them. See *id*. In this case, Burries seeks access to various "public records." A person denied access to a public record, as Burries was in this case, may elect to file for speedy relief by a writ of mandamus. See § 84-712.03.

[3] The procedure for a writ of mandamus in district courts is governed by Neb. Rev. Stat. §§ 25-2156 through 25-2169

(Reissue 2016). A person choosing to seek speedy relief by a writ of mandamus pursuant to § 84-712.03 of the public records statutes must follow the procedural requirements set forth in §§ 25-2156 through 25-2169. See *State ex rel. Malone v. Baldonado-Bellamy, supra*.

[4] One such procedural requirement for a writ of mandamus is delineated in § 25-2160, which provides, in part, that "[t]he motion for the writ [of mandamus] must be made upon affidavit." It has long been held that the "motion . . . upon affidavit" requirement of § 25-2160 may also be fulfilled by a verified petition. See, e.g., *Little v. Board of County Commissioners*, 179 Neb. 655, 140 N.W.2d 1 (1966). The Nebraska Supreme Court has previously characterized the requirement of a motion upon affidavit or a verified petition to be jurisdictional: "[T]he filing of a motion and affidavit or a verified petition is a jurisdictional requirement before a district court may issue a writ of mandamus, and until such filing is made, the court does not have jurisdiction over an action for writ of mandamus." *State ex rel. Malone v. Baldonado-Bellamy*, 307 Neb. at 559, 950 N.W.2d at 87.

In this case, our record does not contain a verified petition for writ of mandamus. Burries' petition did not include a notarized verification. Our record also does not contain a motion for a writ of mandamus that is accompanied by a supporting affidavit. Prior to issuing this opinion, this court issued an order to show cause giving Burries the opportunity to supplement the record in order to demonstrate his compliance with the jurisdictional requirements of § 25-2160. Although Burries responded to our order, he failed to provide any additional record that would impact our jurisdictional analysis. Accordingly, we must conclude that because Burries did not file a motion and affidavit or a properly verified petition, the mandamus action was not begun and the district court did not have jurisdiction to consider Burries' petition.

[5] In this case, the district court dismissed Burries' action for writ of mandamus based on the merits. However, the

court should not have reached the merits, because the action had not been initiated in the manner required by law, and the court therefore should have dismissed for lack of jurisdiction. Because the district court lacked jurisdiction over the mandamus action, we lack jurisdiction of this appeal. When a trial court lacks jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018). Therefore, we must dismiss this appeal for lack of jurisdiction.

CONCLUSION

We conclude that because Burries did not file a motion and affidavit or a verified petition, the district court lacked jurisdiction of this proceeding for mandamus. Consequently, we lack jurisdiction of this appeal, and we therefore dismiss this appeal for lack of jurisdiction.

Appeal dismissed.